## Moore *v.* Wilkes-Barre, Appellant.

*Negligence—Municipalities—Defect in highway.*

Where a city requires a water company to construct a water gate in a street so that the cap shall be flush with the pavement, and it appears that the cap is so constructed, but that subsequently the pavement around it settled so that the cap projects above the blocks of the pavement, and this defective condition continues to exist for two years, a person injured by falling over the cap, while alighting from a street car, is entitled to an action against the city to have her case submitted to the jury.

Argued April 15, 1907.    Appeal, No. 152, Jan. T., 1906, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1904, No. 1,058, on verdict for plaintiff in case of Mary T. Moore v. City of Wilkes-Barre.    Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ.    Affirmed.

Trespass to recover damages for personal injuries.    Before WHEATON, J.

The opinion of the Supreme Court states the circumstances of the accident.

Verdict and judgment for plaintiff for $2,583.33.    Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*James L. Lenahan,* with him *Charles F. McHugh,* for appellant.—It is commonly held that such useful and necessary articles, rightfully placed in the highway, as hitching posts,

stepping stones, and the like, if properly constructed and located, do not at least, as matter of law, constitute defects therein : Williams on Municipal Liability for Tort, 149 ; Abbott on Municipal Corporations, 1943.

It seems that this case is ruled by Hopkins v. Williamsport, 25 Pa. Superior Ct. 498.

*John McGahren*, with him *M. H. McAniff*, for appellee.— The case was for the jury : Rick v. City of Wilkes-Barre, 9 Pa. Superior Ct. 399 ; City of Scranton v. Catterson, 94 Pa. 202 ; City of Phila. v. Smith, 23 W. N. C. 242 ; Walton v. Colwyn Borough, 19 Pa. Superior Ct. 172 ; Fee v. Columbus Borough, 168 Pa. 382 ; Glading v. Phila., 202 Pa. 324 ; Gillard v. City of Chester, 212 Pa. 338.

OPINION BY MR. JUSTICE ELKIN, May 20, 1907 :

The appellee was injured just as she was alighting from a street car by stepping on a water gate located at the intersection of two streets in the city of Wilkes-Barre. The accident occurred in the evening, after dark, when the streets were either dimly lighted or not lighted at all. It is conceded that the water gate was the usual and customary device of the water company used as a part of its equipment in the supply of water to the residents of the city. The complaint of the appellee is that the city negligently permitted the level of the street to sink or fall below the cap of the water gate to such an extent as to make a defect in the highway. The case does not, therefore, depend upon the proper or original construction of the water gate, but upon the fact of the proper maintenance of the street around it. The pinch of the case is whether it was the duty of the learned trial judge to determine as a matter of law that the evidence did not show such a defective highway as to make the city liable in damages, or whether this question should be submitted to the jury. A different question might arise if under the municipal ordinance the water company had been permitted to locate the water gate at the point where the accident occurred so that the cap projected three or four inches above the surface of the street. In such a case it might become a question of fact whether the orginal construction or location had been so negligent as to constitute a

defect in the highway, but it must not be overlooked that the construction of sewers and drains and the laying of gas and water pipes with their necessary connections are servitudes on the streets essential to the comfort and convenience of the citizens of municipalities, and in the absence of such negligence as to constitute a defect in the highway pedestrians will be presumed to have assumed whatever risks there may be in using the streets with the superimposed servitudes.   None of these questions, however, arise in the present case because it is not contended that the negligence charged in any manner relates to the original construction of the water gates, and the city does not defend on the ground that the street at this point was in the same condition as when the water gate was originally located there.   It seems clear from the evidence that the city required the water company to construct the water gate so that the cap would be flush with the street.   It is also clear that the street at this point was paved with Belgian blocks which had settled or sunk so that the water gate projected above them on the side next the street railway about three inches, and that this defective condition existed for a period of two years prior to the accident.   If the water gate had remained flush with the street, as the city ordinance required, the accident would not have happened, and this case would not be here. We think that the questions of negligence, constructive or actual notice, and proximate cause, all of which are raised by the appellant, were for the jury.   The learned trial judge in a most careful and exhaustive charge defined the rights and duties of the parties under the law, so that nothing can be complained of in this respect.   Under the evidence the question of contributory negligence was also for the jury.   After a careful consideration of the whole case we concur in the views of the learned trial judge in the submission of the case to the jury, and find nothing upon which to sustain the assignments of error.

Judgment affirmed.